IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEGURO MEDICO, LLC dba QUICK HEALTH<br><br>     Plaintiff,<br>v.<br><br>SUFFOLK ADMINISTRATIVE SERVICES, LLC, HAWAII MAINLAND ADMINISTRATORS, LLC, DATA MARKETING PARTNERSHIP, LP, PROVIDENCE HEALTH PLAN, PROVIDENCE PLAN PARTNERS, PROVIDENCE HEALTH ASSURANCE,<br><br>     Defendants. | Case No.: |

## NOTICE OF REMOVAL

To the United States District Court for the Eastern District of Pennsylvania:

PLEASE TAKE NOTICE that, under 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446, and

under 29 U.S.C. § 1132, Defendant Suffolk Administrative Services, LLC removes this action

from the Berks County Court of Common Pleas, where it was pending, to the United States

District Court for the Eastern District of Pennsylvania on the grounds below.

## BACKGROUND

1.     On May 23, 2023, Plaintiff Seguro Medico, LLC d/b/a Quick Health filed a

Complaint in the Pennsylvania Court of Common Pleas, Berks County.

2.     The Complaint was served upon Suffolk Administrative Services on June 1, 2023.

3.     Quick Health alleges that the Defendants wrongly denied coverage under health

insurance and benefit plans and failed to properly remit and account for premiums paid by the

participants in the plan. *See* Ex. A, Complaint, ¶ 1. Quick Health purports to bring the action to protect the public. *Id*.

4.    The health plans alleged by Quick Health are group-health, welfare benefit plans under the Employee Retirement Income Security Act. *See Data Mktg. P'ship, LP v. United States Dep't of Lab.*, 490 F. Supp. 3d 1048, 1068 (N.D. Tex. 2020), *aff'd in part, vacated in part, remanded*, 45 F.4th 846 (5th Cir. 2022) (requiring further analysis from lower court).

5.    Quick Health asserts the following claims under Pennsylvania law against all Defendants: (1) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; (2) detrimental reliance/promissory estoppel.  *See* Ex. A, Complaint ¶¶ 43 – 53.

6.    Quick Health also asserts one count of commercial disparagement against only Suffolk and Hawaii Mainland Administrators, LLC.  *See* Ex. A, Complaint ¶¶ 54 – 59.

## BASIS FOR REMOVAL

### I.    Suffolk Has Satisfied the Procedural Requirements for Removal.

7.    Suffolk was served with the Complaint on June 1, 2023. This notice of removal is timely under 28 U.S.C. § 1446(b) as it is made within 30 days of Suffolk's receipt of the Complaint.

8.    Venue is proper in this Court because it corresponds to the district and division where this litigation was filed. Berks County is located in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1441(a).

9.    The Complaint, attached as Exhibit A, constitutes all process, pleadings, and orders served upon Suffolk. This Notice is compliant with 28 U.S.C. 1446(a).

10.    All defendants properly joined and served have expressly consented to and join this notice of removal under 28 U.S.C. 1446(b)(2). *See* Exhibit B, Notices Of Consent From Data

Marketing Partnership, LP, Providence Defendants, and Hawaii Mainland Administrators, LLC.

Data Marketing Partnership, LP has not been served summons or the complaint. Data Marketing

Partnership, LP submits its consent out of an abundance of caution.

11.     The Court may not construe removal by any defendant as a waiver of any

defenses, including defenses that may be raised under Rule 12(b) of the Federal Rules of Civil

Procedure. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir.

2020).

## II.     This Court has Original Jurisdiction Under 28 U.S.C. §1332.

12.     "The district courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different states." *See* 28 U.S.C. §1332 (a)(1).

### A.  Complete Diversity

13.     A corporation is a citizen of both the state where it is incorporated and the state

where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

14.     A partnership assumes the citizenship of all its partners.  *Zambelli Fireworks Mfg.

Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal citations omitted).

15.     A limited liability company is a citizen of all the states of its members.  *Id.* at 418.

16.     A traditional trust is a citizen of the states of its trustees. *See GBForefront LP v.

Forefront Mgmt. Grp. LLC*, 888 F.3d 29, 34 (3d Cir. 2018).

17.     Plaintiff is a limited liability company. Arthur Walsh is the sole member. Mr.

Walsh is a citizen of Pennsylvania.

18.     Suffolk Administrative Services, LLC is a limited liability company.  Its sole

members are Momentum Capital, LLC and Anjo, LLC.

a.  Momentum Capital, LLC is a California limited liability company.  Its members are two traditional, South Dakota trusts – the LOBOS Trust and the Tasman Trust.  Both trusts use Bankers Trust Company of South Dakota as trustee.  For diversity purposes, the trustee is a citizen of South Dakota. The trusts' beneficiaries are citizens of California and Puerto Rico.

b.  Anjo, LLC is a Tennessee limited liability corporation. Its sole owner is one, traditional South Dakota Trust – The Copper Bird Trust. The Copper Bird Trust also uses Bankers Trust Company of South Dakota as trustee.  For diversity purposes, the trustee is a citizen of South Dakota.  The trust's beneficiary is a citizen of Tennessee.

19.     Hawaii Mainland Administrators, LLC is a limited liability company, which is a Nevada limited liability company.  Based on its annual filing with the Nevada Secretary of State, Suffolk asserts that its sole member is a resident of Nevada.

20.     Providence Plan Partners is a non-profit corporation incorporated in the State of Washington with its principal place of business in Washington.

21.     Providence Health Plan is a non-profit corporation incorporated in the State of Oregon with its principal place of business in Oregon.

22.     Providence Health Assurance is a non-profit corporation incorporated in the State of Oregon with its principal place of business in Oregon.

23.     Data Marketing Partnership, LP is a limited partnership. Data Marketing Partnership, LP has four limited partners who are individuals and Texas residents. Data Marketing Partnership LP's general partner is LP Management Services, LLC, which is a Georgia limited liability company. Its sole member is American Marketing Partnerships, LLC,

which is a Georgia limited liability company. American Marketing Partnerships, LLC has Zeus

Data Advisors LLC as its sole member. An individual Georgia resident is Zeus Data Advisors

LLC's sole member.

24.     There is complete diversity between Plaintiff and Defendants.

**B. Amount in Controversy**

25.     Based on the allegations in the Complaint, the amount in controversy exceeds

$75,000. Plaintiff explicitly alleges in its Complaint that it "lost out on roughly $9.8 million in

profits that it would have otherwise realized." *See* Ex. A, Complaint, ¶ 41. The amount-in-

controversy requirement under 28 U.S.C. §1332 has been met.

**III.     The Court has original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §1132.**

30.     Federal courts have original jurisdiction under the provisions of ERISA and such

actions may be removed to this Court by Suffolk.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200

(2004) (holding that causes of action within the scope of ERISA's civil enforcement provisions

are removable to federal court). Any state-law cause of action that "duplicates, supplements, or

supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to

make the ERISA remedy exclusive and is [] preempted.  *Id*. at 209.

31.     Complete preemption occurs when: (1) the plaintiff's state law claim could have

brought under § 502(a); and (2) no other independent legal duty supports the plaintiff's claim.

*Roma Concrete Corp*., 384 F. Supp. 3d 507, 514 (E.D. Pa. 2019).

32.     Although Plaintiff has styled Counts I and II of its Complaint as state law claims,

Plaintiff is effectively asserting causes of action under Section 502(a) for the group health plans

alleged.  *See* 29 U.S.C.A. § 1132(a)(1)(b) and (a)(3). *See Bey v. Reliance Standard Life Ins. Co*.,

No. 16-2326, 2017 WL 660866, at *3 (E.D. Pa. Feb. 17, 2017) (concluding that the plaintiff's

claims for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing were preempted by § 502(a) because they asserted improper plan administration).

33.    In Count I, Plaintiff alleges that the coverage descriptions alleged were incorrect or that participants were incorrectly denied coverage by Defendants who they allege refused to honor plans for which they collected premiums. *See* Ex. A, Complaint, ¶¶ 47-48. For a group health plan subject to ERISA, a cause of action based on this allegation must be asserted under 28 U.S.C. § 1132(a)(1)(b) and (a)(3). The plans alleged in the Complaint are group health care plans subject to ERISA.

34.    In Count II, Plaintiff alleges that Defendants owed duties that, in sum, amount to good faith and fair dealing. For a group health plan subject to ERISA, a cause of action based on this allegation must be asserted under 28 U.S.C. § 1132(a)(3). The plans alleged in the Complaint are group health care plans subject to ERISA.

35.    Because Plaintiff's claims in Count I and Count II can only be brought under ERISA, the state law causes of action in Counts I and II are completely preempted and removal to federal court is warranted under 28 U.S.C. §1331, 1441(a) and 29 U.S.C §1132. *See Aetna Health Inc*, 542 U.S at 209 (reasoning that the ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim").

**IV.    The Court has supplemental jurisdiction over Count III under 28 U.S.C. § 1367.**

36.    The Court also has supplemental jurisdiction over the state law claim for commercial disparagement pursuant to 28 U.S.C § 1367.  Plaintiff's claims arise out of the same events as the asserted claims arising under the Constitution or laws of the United States.

37.     Alternatively, to the extent this Court finds Plaintiff's state law claims as separate

and independent of its claims under the Constitution of the laws of the United States, it remains

subject to the Court's jurisdiction under 28 U.S.C. § 1332. Alternatively, this Court has

jurisdiction with respect to such claims rooted in Pennsylvania law pursuant to 28 U.S.C. §

1441(c).

## CONCLUSION

38.     Because Defendant Suffolk Administrative Services, LLC has demonstrated

complete diversity and fulfillment of the amount-in-controversy requirement under section

1332(a) and complete preemption under ERISA, this matter is properly removable.

WHEREFORE, Defendant Suffolk Administrative Services, LLC respectfully requests

that this Court exercise its jurisdiction over this action and accept removal of this Complaint.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Justin J. Boron*

Justin J. Boron, Esquire
PA ID 324797
1600 Market Street Suite 1210
Philadelphia, PA 19103
Phone (215) 789-4919
jboron@fmglaw.com

## CERTIFICATE OF SERVICE

I, Justin Boron, hereby certify that on June 29, 2023, this document, filed through the ECF

system, will be served via email and first-class mail upon:

8

Eric E. Reed
Fox Rothschild, LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
ereed@foxrothschild.com

Norman M. Valz
Norman M. Valz & Associates
441 Irvington Road
Drexel Hill, PA 19026
nvalz@msn.com

*/s/ Justin J. Boron*

Justin J. Boron